J. CHAUNCEY GATES, Appellant, vs. LEONARD L. SMITH, Respondent.

The Act of March 5, 1853, (page 19, Session Laws of 1853,) totally abolishes the Court of Chancery as a distinct tribunal, and rests all its powers in the law courts, making all remedies attainable by one form of proceeding; denominated a civil action.

Any equities, in favor of a defendant, which by the aid of a Court of Chancery could have been used to defeat a recovery at law, can now be set up by answer to the action at law as a defence thereto, and such judgment rendered in the action, and relief given, as either or both the courts could have awarded, on the same facts and equities, before the blending of the two jurisdictions.

Gates v. Smith.

The test of the sufficiency of any particular defence equitable in its nature, must be, whether, had the same facts been presented by a bill in Chancery, would that Court have entertained the case and granted the relief sought.

A plaintiff brought suit in nature of Replevin, to recover possession of personal property described in a chattel mortgage executed by defendant; the amount secured by the mortgage having become due and was unpaid. The answer admits the execution of the mortgage and that the consideration thereof was the delivery of two hundred dollars worth of property, and an agreement to advance $300 more, which plaintiff had failed to do; also, that he has a claim against the plaintiff for boarding his family and money loaned, exceeding the amount claimed to be due on the mortgage, and asks that the same be cancelled, &c. *Held*, That the defence was insufficient, because, the defendant had an adequate and perfect remedy at law to recover what damages he had sustained by reason of breach of the agreement to advance $300, and to collect his debt for money loaned and board of plaintiff's family.

This was a judgment in the District Court of Ramsey County, upon a demurrer to an answer. The issue presented in the pleadings, are set forth in the opinion of the Court.

(The points and authorities for the respective parties are not on file.)

J. &. C. D. GILFILLAN, counsel for Appellants.

D. NEWELL, counsel for Respondent.

*By the Court.*—C. E. FLANDRAU, J. This cause comes up on a judgment of the District Court of Ramsey County, sustaining a demurrer to the Defendant's answer. The action is in the nature of replevin, or what under the code is termed an action to recover the possession of personal property. The complaint alleges that the Defendant executed to the Plaintiff a chattel mortgage on certain personal property alleged to be of the value of $610,25, to secure the payment of the sum of five hundred dollars. That the mortgage became due and was not paid. That the Plaintiff demanded the property of the Defendant and was refused, and asks judgment for the possession of the property and damages for the detention. To this the Defendant admits the making of the mortgage, and sets up as a defence to the action the following facts: That the consideration of the mortgage was the delivery to the Defendant by the Plaintiff of two hundred dollars worth of property, and an agreement to advance him three hundred dollars more, which he failed to do, although requested; and that he has a claim against the Plaintiff for boarding his family and money loaned to the amount of $302, which he claims to set up as a counter claim, and asks that judgment be rendered in

his favor for the balance, and that the mortgage be cancelled.

The rule that on the forfeiture of a chattel mortgage, the property on which the mortgage is a lien, becomes absolutely the property of the mortgagee, is well settled. Therefore the Plaintiff in this case could maintain his action to recover the possession of such property in the hands of the Defendant, or any one else who might be in the possession of it, and before the Code, no counter claim to set off could be set up as against such recovery, the action being in the nature of a tort ; therefore the facts detailed in this answer would then have been no defence, and if they can now be pleaded as a defence, it is by virtue of the change in our practice. Prior to the act of March 5th, 1853, published on page 19 of the session laws of that year, the Court of Chancery was a distinct tribunal in Minnesota, although the jurisdiction was exercised by the same judges that composed the law courts, and any equities that existed in favor of a Defendant sufficient to authorize that Court to interpose and restrain proceedings at law, could only be made available by the ordinary proceedings in that Court by bill and injunction.

The act of 1853, totally abolishes the Court of Chancery as a distinct institution, and vests all its powers in the Law Courts, making all remedies attainable by one form of proceeding, denominated a Civil Action.

Sections five and six of the act of 1853, provide as follows :

" Sec. 5. All equities existing at the time of the commencement of any action, in favor of a Defendant therein, or discovered to exist after such commencement, or intervening before final decision in such action, shall be interposed if at all by way of defence to the action by answer or supplemental answer in the nature of a counter claim, and issue taken thereon by reply or supplemental reply thereto, and be determined as the other issues in said action.

" Sec. 6. In all Civil Actions commenced after this act shall take effect, when the party prosecuted has equities, claims or demands, which could heretofore only be enforced by cross action or cross bill, the same shall be interposed by way of answer in the nature of a counter claim, and the Plaintiff may reply thereto and put the same in issue, and if the same be

admitted by the Plaintiff, or the issue thereon be determined in favor of the Defendant, he shall be entitled to such relief equitable or otherwise, as the nature of the case demands, by judgment or otherwise."

We are clearly of the opinion, that any equities in favor of the Defendant, which by the aid of the Court of Chancery, could have been used to defeat a recovery at law, can now be set up by answer to the action at law as a defence thereto, and such judgment rendered in the action, and relief given, as either or both the Courts could have awarded on the same facts and equities, before the blending of the two jurisdictions.

Having arrived at this point, the test of the sufficiency of any particular defence equitable in its nature, must be, whether, had the same facts been presented by a bill in Chancery, would that Court have entertained the case and granted the relief sought here. If it would, the defence is a good one. If not, it must fail.

There is a well established rule that the Court of Chancery will not entertain any cause where the party had an adequate remedy at law.

The defence here set up, is a partial failure of the consideration of the mortgage, and an existing claim for board furnished the Plaintiff's family, and money loaned greater in amount than the balance due on the mortgage, upon which the Defendant asks that the mortgage be cancelled, and a balance be decreed in his favor. We think that had the same facts been embodied in a bill in Chancery, and the same relief demanded together with an injunction to restrain the action at law, until they could be determined, the bill would have been dismissed as not presenting equities on the part of the Defendant, which would call for the intervention of the Court of Chancery, the Defendant having an adequate and perfect remedy at law to recover what damages he had sustained by reason of breach of the agreement to advance the $300, and to collect his debt for the money loaned, and the board of the Plaintiff's family. To have given a Court of Chancery jurisdiction of such a case, some peculiar circumstances must have existed in connection with it which would deprive the party of an adequate remedy at law. Such for instance, as the insolvency of the Plaintiff,

in the action at law, or perhaps his having no property within the jurisdiction of the Court, which would render the judgment at law ineffectual, and deprive the party of a remedy unless the equitable arm was extended · in his behalf to adjust · the whole matter in one suit, by making the one demand pay the other. We find nothing in this answer, which in the words of the statutes, was " an equity existing at the time of the commencement of the action," or a " claim or demand which could heretofore only be enforced by cross action or cross bill," but merely a cause of action for which a perfect remedy existed at law. We think therefore, that the answer is bad and that the demurrer was properly sustained.

Had the · answer contained such additional facts as would have made the Defendant's remedy at law inadequate, it would have been a proper case to have adjusted the whole matter in one suit, but nothing appears to conflict with the position that a judgment at law on the demands set up in the answer, will be a perfect remedy for the Defendant.

The judgment of the Court below must be affirmed, and the cause remanded for such further action as to that Court may seem proper.

Chief Justice Emmett dissents from the opinion of the Court.