DANIEL McCLANE Appellant, vs. MICHAEL WHITE, Respondent.

APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

A Complaint in ejectment alleges a good cause of action by stating the fee in the Plaintiff, and that the Defendant, unlawfully and unjustly holds possession, alleging entry after Plaintiff acquired the fee. Notice to quit is in general necessary, whenever the tenant enters into possession with the assent of the landlord, no definite period being fixed for the continuance of the possession: but the case of vendor and vendee is an exception to the general rule; though the latter enter into possession under a contract of purchase, with the consent of the former. In such case the vendor may maintain ejectment against the vendee without a previous notice to quit. If a demand and refusal were necessary to be shown in order to the Plaintiff's right to recover, they should have been alleged, as they are material facts.

Parol evidence cannot be received in a Court of Law, to show that a deed of lands, or conveyance of personal property, absolute, was intended as a mortgage. Nor even in a Court of Equity, except upon the ground of fraud, mistake or surprise in making or executing the instrument. The ground for introducing the proof of fraud, mistake or surprise must be laid in the pleadings, and it will not be allowed upon the mere suggestion of counsel upon the trial.

Under the Code, equitable defences may be interposed to an action of ejectment. But to prevail over the legal title, in the absence of any fraud, mistake or unfair dealing in the person holding the same, the equities on the part of the Defendant must be shown to be strong, clear and decisive, and such as would entitle him to a conveyance on a bill filed for that purpose.

Courts are unwilling to interfere to enforce a specific performance, where the injured party may be indemnified in damages.

Points and authorities of Appellant.

*First.*—In ejectment under the Code, the complaint in this action is sufficient and embraces every thing necessary to be established on the trial. *Ensign vs. Sherman,* 14 *How. Pr. R.* 439 ; *Sanders vs. Leary,* 16 *How. P. R.* 308 ; *Walter vs. Lockwood,* 23 *Barb. Sup. Ct. R.* 228, overrules *Lawrence vs. Wright,* 2 *Duer* 673, contra ; *How. New York Code* 1059—60.

It was not necessary to aver or prove actual entry or pos-

session before or since the Code. 1 *Chitty Pl.* 186—190 ; *Sigler vs. Van Riper*, 10 *Wend.* 414. See the two cases before cited in *How Pr. R.* This point was also directly in issue.

Before the code, it was usual to allege ouster, but in ordinary cases it was not necessary to give any proof whatever of the ouster. It is sufficient to show a right to the possession at the commencement of the suit. 11 *Wend.* 414 *ante.* (In this case, however, the possession of the Defendant is alleged in the answer to be adverse, which is equivalent to ouster. 1 *Ch. Pl.* 191.)

Ouster, except in certain cases, of which this is not one, was a fiction of law, abolished by the Code. *Phil. Ev.* (*ed.* 1859,) 3*d*, 583–4.

Where no privity of contract or estate exists between the parties, notice to quit is not necessary. *Jackson vs. Fuller,* 4 *John.* 215.

Notice to quit, or demand of possession before suit brought, was never necessary unless the relation of landlord and tenant existed, which is not pretended in this case. *Jackson vs. Chase,* 2 *John.* 84 ; *Jackson vs. Tyler,* 2 *John.* 443 ; *Spencer vs. Tobey,* 22 *Barb.* 260 ; *Jackson vs. Deyo,* 3 *John,* 422 ; *Smith vs. Stewart,* 6 *John.* 46; *Jackson vs. Kingsley,* 17 *John.* 167 ; *Jackson vs. Wilsey,* 9 *John.* 268 ; *Jackson vs. Burton,* 1 *Wend.* 341; *Jackson vs. Miller,* 7 *Cowan* 746 ; *Shackelford vs. Smith,* 5 *Dana* 232, 2 *Stephens Nisi Prius,* 1397 *and* 1400; nor where the possession is adverse, *idem* 140; nor where tenancy is disclaimed, 4 *Dana* 264; an intruder is not entitled to notice to quit, *Serris vs Bings,* 3 *A. K. Marsh.* 247.

Notice to quit is not necessary where there is no tenancy in fact and especially where the Defendant disclaims to hold as tenant. *Jackson vs. French,* 3 *Wend.* 337 ; 3 *Phil. Ev.* 586, (*ed.* 1859.)

*Second.*—Evidence was properly admitted on trial of service of notice to quit and demand of possession; that the Defendant's first entry on the land, and subsequent possession of it was not by the Plaintiff's permission or consent, to prove the allegation in the complaint of the Defendant's unjust and unlawful withholding of the possession from the Plaintiff.

*Folios* 3, 30, 31, 32, 33, 34, 35. *Return. Ensign vs. Sher- man,* 14 *How.* 442 ; 16 *How.* 308, *and* 28, *Barb.* 228 *before cited.*

*Third.*—The Plaintiff's legal title to the land, and the entry upon and possession of it by Defendant, as alleged in the complaint, being admitted by the answer (not being denied) entitles the Plaintiff to recover. *Spencer vs. Tobey,* 22 *Barb.* 260, in which the principal is laid down almost in the above language ; also cases before cited.

*Fourth.*—The Defendants offer to show by parol testimony that the transfer of witness Whalen's interest in the lands to Plaintiff was made as a security for an indebtedness of Whalen to him at that time, were properly overruled at the trial and the Plaintiff's objections thereto were well taken. *Fol.* 52–57.

1. It was already in proof that the transfer was in writing and the written transfer was the best evidence. *Phil. Ev.* (*Edition* 1859) *and notes* 567 *to* 578 *inclusive and cases there cited.*

2. It was immaterial evidence, because such proof could only be proper as tending to show that the deed from Holcombe to Plaintiff, May 7th, 1858, was intended as security for a debt, or as a mortgage *and there is no averment in the answer that the deed was so intended or executed for such purpose,* or anything to that effect.

The transfer of Whalen's interest in the land referred to was the transfer of the written obligation or bond for a deed from Holcombe to Whalen. *Fol.* 7, *Answer.* This Bond is averred to have been assigned by Whalen to Plaintiff, as security for a debt. *Fol.* 11. *Folios* 12 *and* 13 contain the only averments as to the object, intent or purpose for which the deed was executed.

3. The Defendant was not a party to the written obligation, or bond for a deed, and had no interest in it, and it did not lie in a stranger to prove this; such evidence could only be permittted to a party to the transfer. *Phil. Ev.* (*Ed.* 1859,) 648 *and notes. Reading v. Weston,* 7 *Conn. R.* 409 ; *ib.* 8 117, 120, 121 *and* 122.

4. The transfer was of an interest in lands and void unless

in writing, and parol proof was therefore incompetent. *Stat. Minn.* 457, *Sec.* 8.

5. Oral evidence is only admissible on the ground of fraud, mistake or accident, neither of which is alleged in the answer. *See Authorities cited to Sub. 3, of Point 5.*

*Fifth.*—The Defendant's offer of the written transfer of the bond for a deed, by Whalen to Plaintiff, as the foundation and inducement of evidence, showing the purpose for which the transfer was made, to be shown by oral evidence, was properly overruled by the District Court. *Fol.* 57, 58, 59 *and* 60 *of Return ;* and the objections made at the trial were well taken.

Parol testimony is not admissible in a Court of law to show that a deed absolute on its face was intended as a mortgage, and can only be received *in equity* in cases of accident fraud, or mistake. *Webb vs. Rice,* 6 *Hill R.*, 219 (*Court of Errors.*) The rule is correctly stated in *Slee vs. Manhattan Co.* 1. *Paige R., Note* 1, *pages* 77 *and* 78 in the following language:

"In New York it was decided contrary to the doctrine which prevails elsewhere, that a deed or conveyance, apparently absolute on its face, may at law be shown by parol evidence, to be intended as a mortgage ; not only between the parties, but even in favor of one party against a stranger; but see *per Nelson J. in Patchen vs. Pierce* 12 *Wend.* 61 *and* 64, who seems to have thought that such proof was proper in equity only, and upon the assumption of fraud in the grantee. This opinion was sustained by the Court of Errors in *Webb vs. Rice,* 6 *Hill* 219 and followed by the Supreme Court in *Bishop vs. Bishop,* 4 *Barb. S. C. R.* 138. These decisions overrule all previous ones and assimilate the rule in N. Y. *to that in England and most of the other States.*"

This is the doctrine of the English Courts. 2 *Phil. Ev.* (*Ed.* 1859) 645 *and Notes to same and cases there cited ;* 2 *Phil. Ev.* (*Ed.* 1839) 548 *and notes.*

Such is the law in most of the United States. (*Ed.* 1859,) 2 *Phil Ev.* 644-5-6-7-8-9, *and notes and cases there cited. See Stat. Minn.* 404, *Sec.* 3.

4. The Defendant was not a party to the written obligation (bond for a deed) and it does not lie in a stranger to show or impeach the purpose for which the transfer was made. *Read-*

22

*ing vs. Weston*, 7 *Conn. R.*, 409 ; *same parties* 8, *same* 117, 120 *and* 122 ; 2 *Phil. Ev.* (*Ed.* 1859) 648 *and Notes.*

*Sixth.*—The new matter set up in the answer is in defence to the action. *See authorities before cited.*

Points and authorities of Respondent:

*First.*—A wrongful entry by the Defendant into the premises in controversy was not alleged, and a wrong will not be presumed ; and where a party becomes rightfully possessed of premises, ejectment will not lie without a demand of possession and a refusal to quit. 1 *Sugden on Vendors*, 311 (*264) *Sec.* 69 ; *Doe vs. Jackson*, 1 *Barn. and Cress.* 448 ; *Bright vs. Beard*, 13 *East.* 210; *Hegan vs. Johnson*, 2 *Taunt.* 148 ; *Doe vs. Lawder*, 1 *Stark* 308 ; *Doe vs. Boulton*, 1 *Mood. and Malk.* 148 ; *Doe vs. Waller*, 1 *Car. and Payn.* 596.

*Second.*—Where *proof* of a demand of possession, and refusal to quit or deliver possession of real or personal property, is necessary, the demand and refusal must be alleged in the pleading. 1 *Chitty's Pl.* 331.

*Third.*—Parol evidence is admissible both at law and in equity to show that an instrument, purporting on its face to be an absolute deed, is in fact a mortgage—and the Court below erred upon the trial, in sustaining the Plaintiff's objection to the offer of the Defendant to show by parol evidence that the transfer of the witness Whalen's interest in the land to the Plaintiff, was a security to the Plaintiff for an indebtedness of Whalen to him at the time of the transfer. *Gilchrist vs. Cunningham*, 8 *Wendell* 641 ; *Swart vs. Service*, 21 *Wendell* 36 ; *Taylor vs. Baldwin*, 10 *Barb.* 582, 1 *Hilliard's Real Property* 396, *Section* 20 ; *Heyworth vs. Worthington*, 5 *Black.* 361 ; *Strong vs. Stewart*, 4 *Johns. Ch. R.* 167 ; *Dunham vs. Day*, 15 *Johns.* 555 ; *Wilton vs. Conly's Admr.*, ‡14 *Wend.* 63 ; *Van Buren vs. Olmsted*, 5 *Paige* 69 ; *Chapman's Admr. vs. Turner*, 1 *Coll.* 244 ; *Robertson vs. Campbell et. al.* 2 *Coll.* 421 ; *Dobney vs. Green*, 4 *Hen. and Munf.* 101, 4 *Kent's Com.* 142, 8th *Ed.* 146 ; *Taylor et ux vs. Luther*, *Sumn.* 228.

*Fourth.*—The Court below erred upon the trial in exclud-

ing the written transfer (*in the case marked* ("*Exhibit B*")) by Whalen to the Plaintiff of his interest in the land, when offered by the Defendant as the foundation and inducement or predicate of the evidence for which the transfer was made, to be shown by oral evidence.

CURTIS & HOUSTON, Counsel for Appellant.

W. H. BURT, Counsel for Respondent.

*By the Court.*—ATWATER J.   This was an action of ejectment brought by the Appellant in the District Court of Washington County, to recover possession of a piece of land in said County.   The complaint alleges that prior to and on the 7th day of May, 1858, one William Holcombe was lawfully possessed, and was seized and the owner in fee simple of a certain tract of land in Washington County, (describing the same,) that being so possessed, and the owner of said land, at said time, the said Holcombe and wife, by deed, conveyed the same in fee simple to the Plaintiff, which deed was duly recorded, &c., and that on the date last aforesaid, the Plaintiff became and was seized in fee, and since then has been and now is seized in fee of the said land.

That on or about the first day of June, 1859, the defendant entered into and possessed said land, and since then has held the possession thereof, and has unlawfully and unjustly, and now does unlawfully and unjustly withhold the possession of the said land from this Plaintiff, to the Plaintiff's damage one hundred dollars.   The usual prayer for judgment follows.

The answer contains first, a denial that the Defendant unlawfully or unjustly withholds the lands mentioned in the complaint.

Next, the answer sets up, that on the sixth of April, 1858, the said William Holcombe was seized in fee of the land mentioned in the complaint, and on the same date one William W. Holcombe was seized of another tract of land adjoining the same, that on the said date the said William Holcombe bargained and sold to one Patrick Whalen, the two aforesaid tracts of land, giving his obligation to convey the

same by warranty deed as soon as payment was made according to agreement.

That shortly thereafter, and on or about the said sixth day of April, the said Patrick Whalen bargained and sold the land mentioned in the complaint to Defendant, and thereupon the Defendant immediately entered into possession of the same, and ever since then, in pursuance of said sale to the Defendant, has continued in the actual and notorious possession of said tract of land and made valuable improvements upon said lands to the cost and value of $400.

That on the same day Patrick Whalen bargained and sold the other tract of land to one Jeremiah Whalen. That afterwards, and before the seventh of May, 1858, Patrick Whalen, being indebted to the Plaintiff in about $1,700, as the Defendant is informed, the payment of $900 of which was before and then secured by mortgage on real estate of Patrick Whalen, sold and assigned all his interest in both the aforesaid tracts of land, under and by virtue of the said written obligation to the Plaintiff, as a further security for the payment to the Plaintiff of the aforesaid indebtedness to him by Patrick Whalen.

That on the seventh of May, 1858, William Holcombe and wife conveyed the premises by deed to the Plaintiff, in pursuance of his agreement with Patrick Whalen.

That on the twenty-ninth of June, 1858, it was agreed by and between Daniel McClane and Patrick Whalen, Jeremiah Whalen, and Michael White, in consideration of the premises, that in part payment of the indebtedness of Patrick Whalen to the Plaintiff, by Patrick Whalen on his part, that he would procure and deliver to the Plaintiff the promissory note of Schulenburg, Boeckler & Co. for $1,500 payable first of June then next; and by the Plaintiff on his part, that upon the delivery of the said promissory note to him, and in consideration thereof, he would immediately thereupon deed and convey the lands described in the complaint, to the Defendant. The answer then alleges that said note was delivered, but the Plaintiff had refused to convey.

There was a reply denying some of the allegations of the

McClane v. White.

answer, and among others the sale of the premises to Defendant.

The cause was tried before a jury, and there was a verdict for Plaintiff. A motion for a new trial was made and granted by the Court, from which order the Plaintiff appeals.

Upon the trial of the cause, the Plaintiff offered to prove a demand of possession of the premises of the Defendant before suit brought, and refusal to deliver the same. The Defendant objected to the evidence as immaterial and irrelevant, for the reason that no notice or demand was alleged in the complaint. The objection was overruled and Defendant excepted.

We think the objection was well taken, and that the Plaintiff had no right to offer the proof, without an allegation of the fact sought to be proved. If demand and refusal were necessary to be shown in order to the Plaintiff's right to recover, then they should have been alleged, as they are material facts.

But we think the demand and refusal was unnecessary in the present case, and that the Defendant was not prejudiced by the testimony. It is urged on the argument on behalf of Appellant, that a wrongful entry by the Defendant into the premises in controversy was not alleged, and a wrong will not be presumed, and where a party becomes rightfully possessed of premises, ejectment will not lie without a demand and refusal to quit.

If the truth of this proposition be admitted, it is not fatal to the Plaintiff's right of action. The complaint alleges a good cause of action, by stating the fee in the Plaintiff, and that the Defendant unlawfully and unjustly holds possession, alleging entry after Plaintiff acquired the fee. This form of complaint in ejectment has been repeatedly approved, and we are not aware of any authorities entitled to consideration, holding it defective. In *Ensign vs. Sherman*, 14 *How.* 439, it is held that " where it is averred that the Plaintiff owns the land in fee simple, and that the Defendant is in possession, and unlawfully withholds possession from the Plaintiff, all is asserted which it is necessary for the Plaintiff to prove to entitle him to judgment. Under such circumstances, if the

Defendant has any right of possession which could interfere with the Plaintiff's claim, he is bound to show it affirmatively or he must fail." The same case also holds that no actual entry or possession on the part of the plaintiff is necessary to be alleged or proved. (*Sanders vs. Leary*, 16 *How.* 308 ; *Walter vs. Lockwood*, 23 *Bar.* 234, 10 *Wen.* 414.) In this case, therefore, there was no necessity that the Plaintiff should do more, in the first instance, than prove the facts alleged in his complaint, to entitle him to recover.

But if we go beyond the complaint, and look into the answer, we find no state of facts alleged which entitles the Defendant to notice to quit. It does not appear from the pleadings that the relation of landlord and tenant existed between the Plaintiff and Defendant ; on the contrary, the Defendant claims adversely to the Plaintiff. In such cases, the rule is well settled that no notice to quit is necessary. *Jackson vs. Chase*, 2 *John.* 84 ; *Jackson vs. Tyler*, 2 *John.* 443 ; *Jackson vs. Deyo*, 3 *John.* 422 ; *Jackson vs. Kingsley*, 17 *John.* 157; *Jackson vs. Wilsey*, 9 *John.* 268 ; *Jackson vs. Burton*, 1 *Wend.* 331 ; *Jackson vs. Miller*, 7 *Cow.* 741, 13 *John*, 106. In the case cited in the *7th Cowen*, 747, it is held, that notice to quit is in general necessary, whenever the tenant enters into possession with the assent of the landlord, no definite period being fixed for the continuance of 'the possession; but that the case of vendor and vendee is an exception to the general rule, though the latter enter into possession under a contract of purchase, with the consent of the former. In such case, the vendor may maintain ejectment against the vendee without a previous notice to quit.

Upon the trial of the cause Patrick Whalen was examined as a witness on the part of the Defendant, and testified that on the last of April or first of May, 1858, he transferred his interest in the lands to the Plaintiff, and that the transfer was in writing. He was then asked by Defendant's counsel to " state what was said between yourself and McClane at the time of the transfer." The offer being to show that the transfer was as a security to McClane for an indebtedness of the witness to him at that time. The evidence was objected

to by the Plaintiff and excluded by the Court on the ground that the writing itself was the best evidence.

The Defendant then offered in evidence the assignment. from Whalen to McClane of the bond from Holcombe to Whalen for the conveyance of the lands in question, which purported to be an absolute assignment of all the interest of Whalen in the premises for the consideration of $1,400. This was offered as the foundation and inducement of the evidence showing the purpose for which the transfer was made, to be shown by oral evidence. The Plaintiff objected to this evidence and the Court sustained the objection.

I think there was no error in these rulings of the Court. In the first place the evidence was immaterial even could the Defendant have properly introduced it. The evidence was to show that the *bond* was given to Plaintiff as security. But the Plaintiff did not claim title under the bond but under the deed from Holcombe, and there was no offer to prove that the deed was intended as security, nor indeed, any averment to that effect in the answer. It can scarcely, even by inference be claimed, that the deed was made and delivered for any such purpose, the answer only alleging in this behalf that " on or about the seventh day of May, 1858, and in compliance with his said written obligation, and solely in consideration of the aforesaid payment and delivery to him of the said lumber, and because of the aforesaid assignment · of his said rights and interests in said lands by the said Patrick Whalen, to the Plaintiff, the said William Holcombe by a good and sufficient deed," &c. In other words the answer alleges that the deed was made in pursuance of the obligation of the bond, to the party entitled to enforce it, the bond calling for an absolute conveyance. If it be true that the bond was assigned as alleged as security, it does not necessarily follow, that the deed was executed and delivered for that purpose, and in the absence of any allegation to that effect, the Court certainly cannot presume that such was the case. There is no allegation that Holcombe was aware that the bond was assigned as security, nor is there any reason to believe, that so far as he was concerned, he intended the deed to have any other effect than that of an absolute conveyance. It may be urged, how-

ever, that so far as the Plaintiff is concerned, the intent of Holcombe in executing the deed, could be of no consequence, and that if the Plaintiff took the bond for a deed as security, the deed which followed the bond, and was in pursuance of it, could convey no greater interest than the bond. But there is in fact, no allegation in the answer that the bond was *received* by the Plaintiff as security, but only that Patrick Whalen sold and assigned the bond as security. Nor do I regard this distinction as merely technical, since, under such an allegation, if Patrick Whalen testified that he intended the assignment to the Plaintiff as security, rather than absolute, he could not probably be held liable for false swearing, even if nothing was said between them as to the object of the coveyance. The answer should have alleged that the assignment was *received* and *accepted* by the Plaintiff as security, to be followed by proof of the fact. To permit parol proof to change the effect of an absolute deed of conveyance under such loose allegations, would lead to dangerous results, and could scarcely be sanctioned even on the ground of preventing flagrant injustice in a particular instance.

But there is another objection to the reception of this evidence. The defence attempted to be set up is of an equitable nature. In New York the rule formerly prevailed, that parol evidence might be received in a Court of law, to show that a deed of lands, or conveyance of personal property, absolute, was intended as a mortgage. This was contrary to the English rule, as well as that established in most of the United States, and since the case of *Webb vs. Rice*, 6 *Hill* 219, decided in the Court of Errors of the State of New York, in which the former cases were overruled, it is held that such evidene cannot be received in a Court of law, nor even in a Court of equity except on the ground of fraud, mistake, or surprise in making or executing the instrument. " There is no rule of evidence better settled," says Chancellor Kent in *Stevens vs. Cooper*, 1 *John. Ch. Rep.* 429, " than that which declares that parol evidence is inadmissible to contradict or substantially vary the legal import of a written agreement. Such testimony is not only contrary to the statute of frauds, but to the maxims of the common law ; and the rules of evi-

dence on this, as on most other points, are the same in Courts of law and of equity. The general rule is certainly not to be questioned or disturbed. It ought not to be a subject of discussion. It is as well grounded in reason and policy as it is in authority. Nor does this case come within any exception admitted here to the operation of the rule ; for there is no allegation of fraud, mistake or surprise in making or executing the mortgage; and those, I believe, are the only cases in which parol evidence is admissible in this Court against a contract in writing." No lapse of time can weaken the force of these remarks, and the experience and observation of every lawyer and of Courts, serve to confirm the truth and correctness of the salutary principle there enunciated.

The above was a case in equity, and if it be good authority, I think it decisive of the question of the admissibility of the evidence here offered. That evidence was directly to change the terms and effect of the assignment, from an absolute conveyance to a conditional one. Not only is there no allegation of fraud, mistake or surprise in the answer, but there are no facts stated, from which it can even be inferred that the evidence was offered on any such ground. Courts of Equity, even where the allegations are full and explicit are, reluctant to change or reform written instruments except upon the clearest proof of the fraud or mistake ; but to allow parties to introduce such evidence upon a mere suggestion of counsel on the trial of a cause, without having laid any foundation for it in the pleadings, seems a proceeding too preposterous to be seriously entertained. *Taylor vs. Baldwin*, 10 *Barb.* 582, *and cases cited* ; 4 *Cow. and Hill's notes* 574, *and cases cited, Ed.* 1849 ; *Russell vs. Kenneg*, 1 *Sand. Ch. R.* 34 ; *Meads vs. Lansing*, 1 *Hop. Ch. R.* 124.

It is urged that the Court below erred upon the trial in excluding the written transfer to the plaintiff of his interest in the land, when offered by the Defendant as the foundation and inducement, or predicate of the evidence for which the transfer was made, to be shown by oral evidence. As the object of this offer of the assignment in evidence, was solely for the purpose of introducing oral evidence to contradict it, un

23

less the oral evidence was admissible, there could be no object in receiving the writing, and no error in excluding it.

I have thus examined, to some extent, the principal objections raised on the trial on the part of the Defendant and urged in this Court in support of the order granting a new trial. But in my judgment the case may be properly disposed of without reference to any questions of the admission of evidence, as I think the Plaintiff is entitled to judgment on the pleadings. The complaint states, and the answer admits a good legal title in the Plaintiff. Whatever defence the Defendant has to the action is entirely of an equitable character. Under the old system of pleadings an equitable defence could not be interposed in an action of ejectment, but under the Code this may be done. But to prevail over the legal title, in the absence of any fraud or mistake, or unfair dealing in the person holding the same, the equities on the part of the Defendant must be shown to be strong, clear, and decisive, and such as would entitle him to a conveyance on a bill filed for that purpose. I think the answer entirely fails to show such equity in the Defendant. By his own statement he went into possession of the premises in dispute, under a verbal agreement for the sale of the same—an agreement absolutely void under the statute of frauds, and which it is to be presumed the Defendant was well aware of at the time he entered into the same. It further appears that the Defendant has in fact, never paid a dollar for the premises, the statement in the answer in this behalf being, "that in consideration of an indebtedness of the said Patrick Whalen in about the sum of $152, to the Defendant, and in consideration of a further sum thereafter to be paid the said Patrick Whalen by the Defendant." What was the amount of this further sum, whether one dollar, or one thousand, is not stated, nor is it material, inasmuch as it is not claimed that anything further was paid, nor even that the indebtdness mentioned was extinguished. The answer further states that the Defendant "has made valuable improvements upon said land, has built a dwelling house thereon, at the cost and of the present value of $400, and has done other improvements thereon." But if the defendant bases his equities on the ex-

McClane v. White.

penditures of money on the premises, he has failed to show in this regard an equity of any weight in his favor. The sale to Defendant by Whalen is alleged to have been on the sixth of April, 1858. The assignment by Whalen to Plaintiff of his interest in the premises is alleged to have been on the seventh of May, 1858. This assignment, it must be presumed, was known to Defendant at the time, inasmuch as notice thereof is not disclaimed, and in June following we find him dealing with the Plaintiff to obtain title. There is no' allegation that the expenditure set up in the answer, was made previous to the assignment to the Plaintiff, nor in the absence of such allegation, can the fact be presumed, especially as the sale to Defendant was but one month previous. If, therefore, the defendant, having paid nothing for the land, and well knowing that he had no title to the premises, and that the Plaintiff had the legal title, chose to go on thereafter, and make expenditures on the same, he certainly comes with bad grace into a Court of equity, to ask that 'the land be conveyed to him as against the legal owner, on the ground that he will be damnified if his claim is not allowed.

There·is one other transaction alleged in the answer, upon which it would appear that the Defendant based his equities, (although not alluded to in the brief furnished the Court) the agreement, namely, of the twenty-ninth of June, 1858. This was an agreement not in writing for the conveyance of land, and consequently void, nor does it appear that the Plaintiff received any consideration therefor. It is admitted by the answer that the note of Schulenburg, Boeckler & Co., for $1,500, was only in part payment of the indebtedness of Patrick Whalen to the Plaintiff. If the Plaintiff received the amount of this note, it was only what he was legally entitled to, and though his good faith might be impugned by the manner in which he obtained the note, I think no precedents can be found in which a Court of equity has decreed a conveyance of land, based upon such a promise.

There is another principle of equity which must be violated in granting the relief claimed by the Defendant. It is a well settled principle that Courts of equity do not interfere to enforce contracts of this nature unless the party is remedi-

less in a Court of law.　Whether this principle be applicable to its full extent, (as formerly recognized) under the Code, may perhaps be questioned, but we understand the principle to some extent at least, to be placed on the ground that Courts are unwilling to interfere to enforce a specific performance, where the injured party may be indemnified in damages. If this be a correct principle, (and I think it is,) the Defendant shows no claim whatever for the relief sought, (a conveyance of the premises,) inasmuch as it is not alleged that plaintiff is not able to respond in damages to any extent, for any injury the Defendant may be able to show he has sustained at his hands.

In no aspect of the case, therefore, do we see any error in the verdict, and the order granting a new trial must be reversed.

*Emmett, C. J., dissents.*