CHARLES WELLS and DANIEL LOW, Plaintiffs in Error, *vs.* HENRY F. MASTERSON, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

A complaint in ejectment alleged that Plaintiffs were the absolute owners in fee of the land ; that the Defendant was in the actual possession thereof; that Plaintiffs had demanded in writing of the Defendant that he surrender possession thereof to them ; that he had refused to do so, and that he wrongfully and unlawfully withheld possession. These facts were sufficient to entitle the Plaintiffs to recover.

Points and Authorities of Plaintiffs in Error.

I.—In an action under the code to recover possession of real estate, the complaint is sufficient, if it states that the Plaintiff has the lawful title, as owner in fee simple, to the premises described therein, and that the Defendant is in possession of the premises, and unlawfully withholds possession thereof from the Plaintiff, and the Plaintiff demands that the Defendant may surrender the possession thereof to him. *Walker vs. Lockwood*, 23 *Barb.*, 228.

SANBORN & LUND, Counsel for Plaintiffs in Error.

MASTERSON & SIMONS, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J.—The complaint alleges that the Plaintiffs are the "absolute owners in fee" of the lands in controversy ; that the Defendant is in the actual possession of them ; that the Plaintiffs have demanded in writing of the Defendant that he surrender the possession to them ; that the Defendant has refused so to do, and that he wrongfully and unlawfully withholds the possession from the Plaintiffs. These facts are sufficient to entitle the Plaintiffs to recover. It is true that title in fee in the Plaintiff, and actual and lawful possession in the Defendant are not in any way incompatible and may coexist.   And also when possession is alleged in a Defendant, it will not be presumed to be unlawful ; but this complaint directly charges the Defendant's possession after the notice to surrender to be unlawful, and that is sufficient with the title in fee to sustain ejectment.   We held exactly such a complaint good in the case of *McClane vs. White*, decided at the July term, 1861, 5 *Minn.*, 178.   This case is decided by that.

The judgment is reversed, and the case remanded with leave to the Defendant to answer over within ten days after service upon him of notice of this decision on the payment of the costs of this Court.