JAMES M. WILLIAMS *vs.* ELLEN D. MURPHY & husband.

May 15, 1875.

*Ejectment—Equitable Defence may be Interposed.*—The owner of the legal title to real estate may bring ejectment, whatever equities may be claimed by defendant. The defendant may, in his answer, set up his equities, so far at least as they relate to the right of possession, and the action is a proper one in which to litigate them.

Same—Requisites of Equitable Defence.—To prevail against the plaintiff's legal right to the possession, the equities pleaded as a defence must be such that, under the former practice, a court of equity would, upon a bill filed setting up the facts, have enjoined the legal owner from proceeding at law.

Same—Insufficient Defence by Vendee in possession under Contract of Sale.—A vendee in possession under a contract for the sale of real estate, who has made improvements on the land and paid part of the purchase-money, but who is in default as to the remainder, and who continues the default, notwithstanding the vendor has tendered the deed, and demanded payment, and who does not excuse his default, nor offer to make it good, nor ask for a specific performance, is not entitled to be retained in possession against the legal right of the vendor.

Same—When Vendor (Plaintiff) still retains Vendee's note for purchase-money.—In such case, the rights of the vendee are not enlarged by the fact that, when the vendor commences the action of ejectment, he still has the vendee's note for the remainder of the purchase-money, especially where he surrenders the note at the trial.

This action was brought in the court of common pleas for Hennepin county, and was tried before *Young*, J., (a jury being waived,) upon whose findings judgment was ordered for plaintiff. A new trial was refused, and defendants appealed.

*Atwater & Babcock*, for appellants.

*L. M. Stewart*, for respondent.

GILFILLAN, C. J. This was an action of ejectment. The facts, as they are found by the court, are that in 1871 the plaintiff orally agreed to sell the premises to the defendant Ellen, and she agreed to purchase them, for the price of $2,700, and that pursuant to that agreement, the plaintiff, on February 23, 1872, executed to her his bond, conditioned to convey the premises to her, upon being paid the sum of $2,275, in six months from that date, with interest at the rate of twelve per cent. per annum until paid, according to the condition of her promissory note, payable to his order, and dated on that day. That previous to the execution of the bond, the defendants paid plaintiff $300 on the purchase, and at the date of the bond $300 more, and on July 15, 1873, paid on the note $120. That at the time of making the bargain for the purchase, the defendant went into possession, and made permanent improvements, to the

value of $400. That after the maturity of the note, the plaintiff frequently demanded payment of the note; but no part of it, except as above stated, was paid, and on or about September 5, 1873, the plaintiff served on the defendant Ellen a written notice, notifying her that by reason of the default, he intended to make time of the essence of the contract, and that unless she should fully and completely, in every respect, fulfil all the conditions of said bond, on or before October 20, 1873, he should claim and insist upon an entire forfeiture of all estate, interest, claim and demand, on her part, in and to the premises under the bond, by reason of her default to fulfil its terms and conditions, and that she had forfeited all claim to all money paid thereunder, and that he should then claim the premises as entirely liberated and discharged from the bond, etc. That on or about October 24, 1873, the plaintiff made out, and tendered to defendant Ellen, a proper deed of the premises, and demanded from her payment of the amount due on the note and bond, but the same was not paid, nor any part thereof, nor the deed delivered; and that there has been no offer by defendants to comply with the conditions of the bond, by payment of the balance due. On the trial below, the plaintiff brought the note into court, and surrendered it for the benefit of the defendants.

Of these facts the answer sets up (with others negatived by the finding of the court) the execution of the bond and note, the previous parol agreement to purchase, the payment and improvements, and alleges that the defendants are ready and willing to pay the interest due on the note, and the principal thereof in April, 1874. It does not ask for any affirmative relief. The defendants claim that because of what they term their equities, an action of ejectment will not lie, but that plaintiff must resort to a suit in equity for the enforcement of his rights. This point is decided in *McClane* v. *White*, 5 Minn. 178, 190. Where the legal title is in the plaintiff, he may bring ejectment to recover possession, whatever equities the defendant may claim. The de-

fendant may, in his answer, set up his equities, and being set up, the action is a proper one in which to litigate them, so far, at least, as they relate to the right of possession. The equities set up as a defence, to prevail in the legal cause of action of ejectment, must be such that, under the former practice, a court of chancery would, upon a bill filed setting up the facts, have enjoined the action at law, and so have kept the party in possession. *Gates* v. *Smith*, 2 Minn. 30 ; *Barker* v. *Walbridge*, 14 Minn. 469, 475.

Tested by this rule, do the facts found constitute such an equity? The defendants' case, briefly stated, (and without referring to the effect upon it of plaintiff's notice,) is this : They have a contract from plaintiff for a conveyance of the land, upon their paying a certain price at a designated time, and have been in default, without excuse, more than a year in the payment of the money. Now, while a court of equity would, in a suit for a specific performance, and upon a tender of present performance by them, overlook their past default, it certainly would not grant them leave to continue it in the future ; yet this is, in substance, what the defendants ask. Being in default, they, without seeking a specific performance, or offering to fulfil on their part, ask the court to continue them in possession indefinitely. When such an application is made to a court of equity, it can be granted only upon compliance with the rule that he who seeks equity must do equity. One seeking to be relieved in equity from a forfeiture at law, incurred by his own default, certainly never got such relief, without making good, or offering to make good, the default.

The fact that, at the time of commencing the action, the plaintiff still had the defendants' note, is no reason why the court, as a court of equity, should retain defendants in possession, especially after plaintiff, at the trial, surrendered it. The order appealed from is affirmed.