## CHARLESTON.

### BLOOM *v.* BENNETT.

Submitted September 14, 1910.   Decided April 9, 1912.

VENDOR AND PURCHASER—*Remedies of Vendor—Recovery of Land.*
  Sec. 20, ch. 90, Code 1906, does not prevent a vendor from re-
  covering in ejectment against his defaulting vendee land sold
  by a written contract expressly reserving the right of re-entry
  for such default.

Error to Circuit Court, Hancock County.

Action by Selina Bloom against Joseph Bennett.  From an
order setting aside the verdict for plaintiff and granting a new
trial, she brings error.

*Reversed and Rendered.*

*John R. Donehoo,* for plaintiff in error.

*E. A. Hart,* for defendant in error.

WILLIAMS, JUDGE:

Selina Bloom, a vendor, sued Joseph Bennett, her vendee, in
ejectment and obtained a verdict.  On motion of Bennett the
court set the verdict aside, and granted a new trial.  To that
order Mrs. Bloom obtained this writ of error.

Defendant pleaded not guilty, and also gave notice that he
would rely upon a written contract of sale for the land sued
for, executed by plaintiff to him, and did present at the trial
a written agreement for the purchase of the land sued for,
signed by plaintiff.

Under the common law, as interpreted and applied by the

courts of Virginia prior to the act of April 16, 1831, permitting a defendant in ejectment to make certain equitable defenses, a vendee of land, holding only an equitable title, could not defend against his vendor, or one holding legal title under him. *Davis* v. *Teays,* 3 Grat. 283; *Suttle* v. *R. R. Co.,* 76 Va. 290. Prior to that statute, no equitable defense was available, in ejectment, against the holder of the legal title. *Fulton* v. *Johnson,* 24 W. Va. 95; *Taylor* v. *King,* 6 Munf. 358; *Harris* v. *Harris, Id.* 367.

In those states that have abolished the distinction between courts of law and courts of chancery, as such distinction formerly existed in England, a defendant is permitted, as matter of right, to make as many defenses as he may have to any suit or action, whether such defenses were formerly denominated as legal or equitable; and in those states, a vendee of land in possession under a contract of purchase, and not in default, could not be ousted by his vendor. Warvelle on Ejectment, sec. 146; 15 Cyc. 73; *Tibeau* v. *Tibeau,* 19 Mo. 78; *Love* v. *Watkins,* 40 Cal. 547, 6 Am. Rep. 624; *Traphagen* v. *Traphagen,* 44 Barb. 537; *Cavalli* v. *Allen,* 57 N. Y. 508; *Geiger* v. *Kaigler,* 15 S. C. 262; *Williams* v. *Murphy,* 21 Minn. 534. But in Virginia and in this State, the original distinction between courts of law and courts of Chancery is still retained. The respective jurisdictions of the two courts are sharply defined, and depend upon the nature of the relief demanded, or the defense set up. Hence, to overcome the rigid technical rule of the common law, and to permit certain equitable defenses to an action of ejectment, which the courts of law had held were not cognizable therein, the statute referred to was enacted by the legislature of Virginia. Under that statute as it was originally, and as it is now in Virginia, a vendee of land, in order to avail himself of its benefits, must not be in default. His defense must be such as would entitle him, in a court of equity, to specific execution against his vendor. The verbiage of section 2741, Code of Virginia 1904, is the same as it was in the revised code of 1849, and we do not conceive that the legal effect of the original act is changed by the change in verbiage made by the revisors of the code of 1849. But, in adopting the revised code of West Virginia, which went into effect April 1, 1869, the legislature saw

fit to make a very material alteration in the Virginia statute. The statute under consideration is section 20, chapter 90, Code 1906, and it reads as follows: "A vendor, or any person claiming under him, shall not at law recover against a vendee, or those claiming under him, lands sold by such vendor to such vendee, when there is a writing stating the purchase, and the terms thereof, signed by the vendor or his agent." This statute is often spoken of as one of the equitable defenses in ejectment, which would seem to be a misnomer, for it will be observed that it contains no provision, that the vendee shall have complied with the terms of his contract, in order to avail himself of its benefit. It simply says that the vendor shall not recover against his vendee in possession under a written contract of purchase, stating the terms thereof, signed by the vendor or his agent. The purpose and effect of this statute is to take away from the law court the right, which is conferred by the Virginia statute, to try and pass upon the equities of the parties in such case. The modification makes the statute almost the very opposite of the Virginia law. Because, in that state, the law court may inquire into the equities between vendor and vendee and decide the case accordingly, but in this state, the modified statute plainly makes such written contract of sale a complete bar to the vendor's action, and precludes the law court from making inquiry into the equities between him and his vendee. The vendee's default in the performance of any of his covenants under an ordinary contract of purchase are, therefore, immaterial questions in ejectment, in this state. The effect of our statute, which no doubt was also the legislative purpose, is, to force a vendor, who has signed a written contract of sale, reserving no right of re-entry, and who has placed his vendee in possession, to pursue his remedy in equity by a suit for specific enforcement, and to deny him the right to recover the land sold, by an action in ejectment, however much his vendee may be in default.

But we can not imagine that the legislature intended to forbid recovery in ejectment by a vendor if he has, in his contract of sale, expressly reserved the right of re-entry for covenants broken. Such an application of the statute would not be consistent with the constitutional right of parties to contract. The vendor, in this case, had reserved the right to re-enter for ven-

dee's default in the performance of certain covenants, and it was proven that he was in default. How much he was in arrears is not material, as the failure to pay any part constituted a breach of the contract, for which Mrs. Bloom had reserved the right of re-entry. We do not think the statute applies in this case, and the verdict should not have been set aside. The court should have rendered judgment upon it for the plaintiff.

The order setting aside the verdict and granting defendant a new trial will, therefore, be reversed and judgment will be entered here, for the plaintiff for the land in the declaration described, in fee simple.                 *Reversed and Rendered.*