**SIMON HOME BUILDERS, INC., Respondent,**

v.

**Govind PAILOOR, Appellant.**

**No. C5–84–794.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Francis J. Rondoni, Rosenthal & Rondoni, Ltd., Minneapolis, for respondent.

John R. Tunheim, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, for appellant.

Heard, considered, and decided by FOLEY, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

Pailoor appeals from the judgment entered after jury trial that required him to specifically perform as vendee under a contract for deed. Pailoor sought rescission of his contract for deed with Simon Home Builders for fraud and mutual mistake. We affirm.

## FACTS

The facts giving rise to this action are complex. Three individuals are involved: Darrell Carlson, a real estate developer not a party to this action; Tony Simon, president of Simon Home Builders, a real estate financier; and Govind Pailoor, also a financier and sophisticated real estate investor.

In 1981 Carlson was developing seven townhouses at a location in Inver Grove Heights, Dakota County. Towards the end of construction, Carlson ran short of money. He approached Simon for the money, and they quickly reached an agreement.

The parties agreed to transfer title on the seven units to Simon Home Builders. Simon obtained a mortgage for each unit. This allowed construction to be completed. Then all seven townhouses were sold back to Carlson's corporation, V.H. Investments, on contracts for deed. The sale price was for the exact amount of the mortgages, so that Simon realized no money at this point.

The agreement further provided that V.H. Investments (Carlson) would sell the townhouses to third-party buyers. Simon was to receive $40,000 for his role in obtaining the financing. To assure payment of Simon's fee, the vendor's interest in the contracts for deed between V.H. Investments and the third-party buyers was assigned to him. Amounts realized from the sale of the townhouses in excess of $40,000 belonged to V.H. Investments (Carlson).

One clause in the agreement between V.H. Investments and Simon Home Builders provided for the possible default by a third-party buyer. In that event:

> Simon, as assignee of V.H. Investment's vendor's interests, shall cancel the buyer's contract for deed, and enter into a new contract for deed with a subsequent purchaser.

In fact, all seven townhouses were sold under this agreement. Simon earned $38,000 from this arrangement. Carlson earned $2,000.

One third-party purchaser was Pailoor. Carlson owed Pailoor $7,000 from previous real estate dealings. Carlson understood that Pailoor intended to resell the property quickly in order to recoup the $7,000 debt. Pailoor testified that Carlson showed him the V.H. Investments/Simon agreement, and specifically indicated that Simon would only seek the remedy of cancellation of the contract for deed in case of default. Pailoor claims to have relied on that representation of minimal risk in entering the contract. At trial, Carlson recalled no such discussion. On October 1, 1981, Carlson sold the townhouse to Pailoor by contract for deed. The vendor's interest was transferred to Simon shortly thereafter. This contract for deed was executed on a stan-

dard form that did not limit the vendor's remedies in case of default. Pailoor defaulted on the contract in January 1982.

The parties attempted to settle the matter. Simon claims that he offered to cancel the contract if Pailoor became current on his payments. A letter to this effect was sent to Pailoor who admits receiving it. Nonetheless, Pailoor claims that the offer was to cancel the contract with no obligation on his part to become current.

By April 1982, Pailoor abandoned the contract. Simon sued for specific performance, and Pailoor counterclaimed for rescission. After commencement of the suit, an attorney's lien that had been filed in September 1981 on the townhouse came to light. Neither Pailoor nor Simon knew about the lien notice before the beginning of this action.

The matter was tried for two days. The jury found (1) that Carlson was Simon Home Builder's agent in the sale to Pailoor; (2) that Carlson did not fraudulently induce Pailoor to buy the townhouse; and (3) that Simon and Pailoor had no agreement whereby Pailoor would quitclaim his interest in the property without payment in the event of default. Based upon the verdict, the court ordered specific performance on the contract. It further determined that the attorney's lien was "not a defect of title such as would entitle Pailoor to rescission."

## ISSUE

Did the court err by ordering specific performance on the contract for deed?

## ANALYSIS

■ The trial court's order for specific performance will not be disturbed unless it is clearly erroneous. *Fred O. Watson, Co. v. United States Life Insurance Co.*, 258 N.W.2d 776 (Minn.1977). Pailoor contends that innocent misrepresentation in this case not only makes specific performance inappropriate, but also requires rescission. However, the jury specifically found that no misrepresentation occurred. That finding should stand unless contrary to the evidence. *Barr/Nelson Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 51 (Minn.1983).

Pailoor claimed that Carlson led him to believe that Simon would only cancel in the event of default. The jury was entitled to disbelieve this evidence. Carlson recalled no such discussion. The Simon-V.H. Investments agreement did not directly give rights to any third party. The contract for deed between Pailoor and V.H. Investments did not limit the vendor's rights. Pailoor was knowledgeable. If this protection were so important, then he should have negotiated it into the contract for deed. In short, the only evidence in favor of finding a misrepresentation is Pailoor's recollection, which the jury rejected.

■ Pailoor claims that he was defrauded as to the quality of title on the townhouse. This is without merit. Pailoor was unaware of any cloud on title until after this suit commenced. There was no reliance on his part; thus misrepresentation is not an equitable defense. *Fred O. Watson Co.* at 778. The "defect" in title relating to the attorney's lien did not cause Pailoor's breach. Even if the attorney's lien did constitute a cloud on title, it was not material. The lien neither thwarted nor prevented any sales by Pailoor to a third party. Had Pailoor found a buyer, Simon promised to tender a marketable title. The trial court ruled that Simon must provide marketable title once Pailoor performs.

Pailoor claims that mutual mistake justifies rescission. *See Ortendahl v. Bergmann,* 343 N.W.2d 309 (Minn.Ct.App.1984). He recalled a conversation with Simon after January 1982 in which Simon told him merely to send a quit claim deed with no payments and the matter would be over. Simon testified that he required Pailoor to become current. He sent a letter to Pailoor stating as much. The jury found specifically that Simon and Pailoor had no cancellation agreement. Their finding was supported by the evidence.

■ Pailoor claims that Simon had an adequate remedy at law, damages, which

ought to have prevented the equitable remedy of specific performance. *See Johnson v. Johnson,* 272 Minn. 284, 292, 137 N.W.2d 840, 847 (1965). The trial court determined that damages would be difficult to measure because the estimated market value of a depreciating townhouse was difficult to ascertain, plus factors of fluctuating mortgage rates, costs, points, etc. Under the circumstances, this finding was reasonable and supports specific performance.

## DECISION

No evidence suggested that Simon had unclean hands. In view of the fact that there was no fraud, no mutual mistake, and no adequate remedy at law, specific performance was appropriate.

Affirmed.