Henry Thomas THOMPSON, et al., Respondents,

v.

James P. KROMHOUT, M.D., Appellant,

Paul W. Dotty, Austris A. Bloms, et al., Respondents.

No. C5–87–180.

Court of Appeals of Minnesota.

Oct. 20, 1987.

Review Denied Dec. 22, 1987.

John B. Bellows, Jr., St. Paul, for respondents Thompson, et al.

F. Patrick McGrath, St. Paul, for appellant Kromhout.

Harold D. Kimmel, Jr., Stillwater, for respondent Dotty.

Carl E. Norberg, St. Paul, for respondents Bloms, et al.

Considered and decided by FOLEY, P.J., and MULALLY and LOMMEN, JJ.,* with oral argument waived.

## OPINION

A. PAUL LOMMEN, Judge.

This appeal is from a judgment of specific performance which directs successive vendees to jointly and severally pay vendor the outstanding principal and accrued interest owing under a contract for deed. Appellant received his vendee's interest by assignment and later assigned that interest to a party who defaulted. Appellant claims the trial court erred in holding him jointly liable for the vendee's obligations under the contract because in respondents' equitable action, they failed to allege an inadequate remedy at law. We affirm.

## FACTS

On October 17, 1980, respondents Henry and Doris Thompson (Thompsons) entered into a contract for deed to convey certain real estate to Austris and Maroureen Bloms (Bloms). The contract for deed contained no prohibition of assignment.

On November 3, 1982, Bloms assigned their vendee's interest under the contract for deed and conveyed the property by quit

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

claim deed to appellant James Kromhout, M.D.

On April 1, 1984, appellant assigned his vendee's interest and conveyed the property by quit claim deed to Paul Dotty, who failed to pay installments and comply with other terms required under the contract. Thompsons then commenced this equitable action against Dotty, appellant and Bloms to specifically perform their vendee obligations under the contract.

Following a trial, the court found each defendant assumed the vendee's obligations under the contract for deed. The court concluded each is jointly and severally liable for the outstanding balance of principal and accrued interest totalling $64,140.78.

The trial court also addressed appellant's affirmative defense regarding respondents' failure to allege an inadequate remedy at law. The court concluded that in an action for specific performance of a contract for the conveyance of land, respondents are not required to allege or prove their damages at law are inadequate. Appellant challenges this ruling and appeals from the judgment entered November 5, 1986.

## ISSUE

Did the trial court abuse its discretion by ordering specific performance of the contract for deed?

## ANALYSIS

"Specific performance is an equitable remedy addressed to the discretion of the court." *Fred O. Watson Co. v. United States Life Insurance Co. in City of New York,* 258 N.W.2d 776, 778 (Minn.1977). Appellant argues the trial court abused its discretion by ordering specific performance because respondents failed to allege their remedy at law for damages was inadequate. Appellant relies on *Gates v. Smith,* 2 Minn. 30 (Gil. 21) (1858), where a party improperly sought equitable relief when there was an adequate remedy at law for damages. *Id.* at 33 (Gil. at 23–24). *Gates v. Smith* is distinguishable, however, because it involved a replevin action and this case is an action involving real property.

In an action to compel performance of a contract to convey real property, it is well established that both the vendee and vendor have a right to specific performance of the contract. *Kennedy v. Hasse,* 262 Minn. 155, 161, 114 N.W.2d 82, 86–87 (1962). In *Abbott v. Moldestad,* 74 Minn. 293, 77 N.W. 227 (1898) the Minnesota Supreme Court reasoned that since a vendee may bring suit in equity to compel execution and delivery of deed, a vendor may also bring similar suit to enforce the undertaking of the vendee, although the substantial part of vendor's relief is recovery of money. *Id.* at 299, 77 N.W. at 229. The trial court therefore properly concluded respondents were not confined to an action at law for damages but were entitled to the same equitable right as a vendee to compel specific performance of the contract for deed.

Appellant also argues the trial court improperly ordered specific performance because he lacked a mutual right or ability after his assignment and quit claim to bring suit against respondents to compel the execution and delivery of the deed. *See id.* (right to specific performance must be mutual). Appellant claims he raised lack of mutuality as a defense in his answer, but review of his answer shows he did not. This claim is therefore not properly before us. *See Gruenhagen v. Larson,* 310 Minn. 454, 246 N.W.2d 565, 568 (1976) ("assignments of error which have not been presented to the trial court for consideration will not be reviewed on appeal").

Even if properly raised below, lack of mutuality alone does not render specific performance inequitable. *Hilton v. Nelsen,* 283 N.W.2d 877, 881 (Minn.1979); *see also Saliterman v. Bigos,* 352 N.W.2d 494, 469 (Minn.Ct.App.1984). Absent a supported claim the contract for deed was unfair or unfairly made, unconscionable or inequitable, specific performance is proper. *See Boulevard Plaza Corp. v. Campbell,* 254 Minn. 123, 136, 94 N.W.2d 273, 284 (1959); *see also Simon Home Builders, Inc. v. Pailoor,* 357 N.W.2d 383, 386 (Minn. Ct.App.1984) (absent fraud, mutual mistake

or allegation that vendor had unclean hands, specific performance appropriate). The record shows no such claims were raised below by appellant or the other vendees.

## DECISION

The trial court did not abuse its discretion by ordering specific performance of the contract for deed.

Affirmed.